**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

Lance Carter 98B0249 Plaintiff(s)

vs.

Racette, Bexio, Depalo, Defendant(s)
Brockley, North, Anderson, Warren, Collins

NOV 27 2012

AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

**INMATE**
**CIVIL RIGHTS**
**COMPLAINT PURSUANT**
**PURSUANT TO**
**42 U.S.C. § 1983**

Case No. 9:12 CV 1746

Plaintiff(s) demand(s) a trial by: ____ JURY   ✓ COURT   (Select **only** one).

Plaintiff(s) in the above-captioned action, allege(s) as follows:

## JURISDICTION

1.  This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

## PARTIES

2.  Plaintiff: Lance Carter 98B0249 Pro Se

    Address: Five Points Correctional Facility
    State Route 96, P.O. Box 119
    Romulus, New York 14541

    Additional Plaintiffs may be added on a separate sheet of paper.

3.  a.  Defendant: Bexio

    Official Position: Ex-Superintendent

    Address: Great Meadow Corr Facility
    P.O. Box 51
    Comstock, New York 12821-0051

b. Defendant: _C.O. M Beckley_

Official Position: _Corrections Officer_

Address: _Great Meadow Corr. Facility_

_P.O. Box 51_

_Comstock New York 12821-0051_

*SEE ATTACHED*

c. Defendant: _Racette_

Official Position: _Superintendent_

Address: _Great Meadow Corr. Facility_

_P.O. Box 51_

_Comstock New York 12821-0051_

Additional Defendants may be added on a separate sheet of paper.

## 4. PLACE OF PRESENT CONFINEMENT

a. Is there a prisoner grievance procedure at this facility?

_X_ Yes             _____ No

b. If your answer to 4a is YES, did you present the facts relating to your complaint in this grievance program?

_X_ Yes             _____ No

If your answer to 4b is YES,

(i) What steps did you take? _Filed a grievance on 11-14-11_

_Appealed to C.O.R.C. Received Final decision_

_from C.O.R.C. No Answer from Racette._

(ii) What was the final result of your grievance? _Denied_

_____

D. K. Anderson

CORRECTIONS OFFICER

GREAT MEADOW CORR. FACILITY

P.O. Box 51

COMSTOCK, NEW YORK 12821-0051

G. J. DEPALO

REGISTERED NURSE

GREAT MEADOW CORR. FACILITY

P.O. Box 51

COMSTOCK, NEW YORK 12821-0051

H. A CHARRON

CORRECTIONS OFFICER

GREAT MEADOW CORR. FACILITY

P.O. Box 51

COMSTOCK, NEW YORK 12821-0051

E. C.S. COLLINS

CORRECTIONS SERGEANT

GREAT MEADOW CORR. FACILITY

P.O. Box 51

COMSTOCK, NEW YORK 12821-0051

F. B. NORTH

CORRECTIONS OFFICER

GREAT MEADOW CORRECTIONAL FACILITY

COMSTOCK, NEW YORK 12821-0051

If your answer to 4b is NO - why did you choose to not present the facts relating to your complaint in the prison's grievance program? _____

_____

_____

c.    If there is no grievance procedure in your institution, did you complain to prison authorities about the facts alleged in your complaint?

    __X__ Yes          _____ No

If your answer to 4c is YES,

    (i)    What steps did you take? *Spoke personally to Superintendent Racette, told him of the assault and my injuries in Dec. 1, Nov. 16 & 23, 2011*

    (ii)    What was the final result regarding your complaint? *Absolutely ignored and my personal property was removed from my cell.*

If your answer to 4c is NO - why did you choose to not complain about the facts relating to your complaint in such prison? _____

_____

5.    PREVIOUS LAWSUITS

    a.    Have you ever filed any other lawsuits in any state and federal court relating to your imprisonment?

    __X__ Yes          _____ No

    b.    If your answer to 5a is YES you must describe any and all lawsuits, currently pending or closed, in the space provided below.

For EACH lawsuit, provide the following information:

    i.    Parties to previous lawsuit:

    Plaintiff(s): *Lance Coeter 91B00233 (Attica)*

    Defendant(s): *Carriero, Marowski, Marrano Sgt. Breckon*

ii.   Court (if federal court, name District; if state court, name County):

_Western District of New York_

iii.   Docket number: _Don't Remember_

iv.   Name of Judge to whom case was assigned: _Don't Remember_

v.   Disposition (dismissed?  on appeal?  currently pending?): _Dismissed_

vi.   Approximate date of filing prior lawsuit: _1993_

vii.   Approximate date of disposition: _1994 - 1995_

6.                                  **FACTS**

Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights.  List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY
      defendant in your complaint.** (You may use additional sheets as necessary).

On October 22, 2011 in B-block stairwell I was physically Assaulted by Berkley, North, Anderson, C.S. Collins and Chacron, for more than 40 minutes. I sustained 4 broken ribs, A collapsed lung, multiple stitches, wide-spread contusions, multiple lacerations, eight days hospitalization. Superintendent Bezio and Racette through their failure to act, methods of shielding staff assault through administrative manipulation and abuse of power and failure to employ any mechanical means of supervision in order to curb and control the behaviors of the staff, have created and allowed to continue an unsafe and dangerous prison environment and as a direct result plaintiff was egregiously Assaulted by staff from 5:10 PM to 5:58 PM.

7.                    **CAUSES OF ACTION**

**Note: You must clearly state each cause of action you assert in this lawsuit.**

### FIRST CAUSE OF ACTION

Personal Assault, Excessive Force), Serious physical
injury, Constitutional Eighth Amendment Violation by
B. North, M. Brockley, Charron, Anderson, C.S. Collins

### SECOND CAUSE OF ACTION

Failure) to protect, deliberate indifference), Supervisory
Liability Constitutional Eighth and Fourteenth Amend-
ment Violations by Superintendent Racette and Bezio
and Sergeant C.S. Collins

### THIRD CAUSE OF ACTION

Medical Malpractice, Deliberate indifference)
Constitutional Eighth and Fourteenth Amendment
Violation by I. Deoblo.

8.    **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

_Injunctive): That Great Meadow be ordered to place security_
_cameras all through this prison. $120.000.00 from each defendent_
_as punitive) damages. $30.000 punitive damages from Racette)_
_Bezio, chiarron, C.S. Collins, H. Brokley, B. North, K. Anderson_

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _Sept. 19, 2012_

_Lance Carter 98R0249 A6 SE._

_____
Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010

ii.   Court (if federal court, name District; if state court, name County):

_WESTERN DISTRICT OF NEW YORK_

iii.  Docket number: _DON'T REMEMBER_

iv.   Name of Judge to whom case was assigned: _DON'T REMEMBER_

v.    Disposition (dismissed? on appeal? currently pending?): _DISMISSED_

vi.   Approximate date of filing prior lawsuit: _1993_

vii.  Approximate date of disposition: _1994-95_

## FACTS

6.

Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights. List the events in the order they happened, naming defendants involved, dates and places.

Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint. (You may use additional sheets as necessary).

ON OCTOBER 22, 2011 IN B-block STAIRWELL I WAS
physically ASSAULTED by Brockley, Nooth, Anderson
C.S Collins AND Chappen, FOR MORE THAN 40 MINUTES
I SUSTAINED 4 broken Ribs, A Collapsed left lung
3 STITCHES IN MY Right hand AND 3 STITCHES ON THE
Right side of MY head. I WAS hospitalized IN Albany
Medical Center FOR 8 days WITH A CHEST TUBE placement,
THAT had to be placed TWICE. Substantial pain
PERMANENT INJURY, MENTAL STRESS, SUBSEQUENT
WEIGHT loss of 31 lbs. Loss of Mobility FOR MONTHS.
ALL FORCE being deliberate AND Malicious FOR THE
sole PURPOSE OF INJURING AND disabling plaintiff

## CAUSES OF ACTION

7.

Note: You must clearly state each cause of action you assert in this lawsuit.

### FIRST CAUSE OF ACTION

Personal Assault. Use of Excessive Force.
Violation of Constitutional Eighth Amendment
by North, Brockley, Anderson, C.O. Collins and
Charron.

### SECOND CAUSE OF ACTION

Failure To Protect. Deliberate Indifference.
Failure To Investigate. Supervisory Liability.
Failure to place Mechanical Supervision due to defiance.
Violation of Constitutional 8TH and 14TH Amendment
by Superintendent Racette; Bezio And C.S. Collins

### THIRD CAUSE OF ACTION

Medical Malpractice. Creation of False and Misleading
Medical Reports Minimizing plaintiffs injuries for the
solo purpose of shielding defendants, in the First Cause,
of liability concerning their use of Excessive Force.
Violation of Constitutional Amendment 14 due process
By J. Deppolo

8.    PRAYER FOR RELIEF

WHEREFORE, plaintiff(s) request(s) that this Court grant the following relief:

_Injunctive: That Great Meadow be ordered to place security_
_cameras in all the stairwells; $120,000 from each defendant_
_as punitive damages. Compensatory damages in the_
_amount of $30,000 from Racette, North, Beckley, Anderson_
_C.S. Collins ; Charron. DePaid_

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _Sept. 19, 2012_

_Lance Carter ApriSci_
_____
Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010

United States District Court
Northern District New York

Lance Carter 98B0249
            Plaintiff Pro Se


        — Against —

Corrections Officers, Brockley
B. North, K. Anderson, A. Charron.
Sergeant C.S. Collins. Superintendent
Racette and Bezio. All in their indiv-
idual Capacities

                    ———— -Cv- ————

                Civil Complaint


1.   On October 22, 2011 I was being escorted to the
infirmary by M. Brockley. Upon returning to B-block and
at the arrival to the second floor landing, M. Brockley struck
me from behind with his baton connecting on the right side
of my head. The blow propelled me past the entrance of
3-Company. Plaintiff turned to fight back and was immedia-
tely grabbed from behind by B. North. North slammed my
face into the wall and punched me in the face several
times. North held me in place while M. Brockley kicked

2

2. plaintiff in the ribs as B. North held him in place until plaintiff passed out. Both defendants continued to beat plaintiff by kicking and stomping him. Plaintiff came too a second time still being beaten by defendants whom were yelling "stop resisting carter". Plaintiff passed out again. When plaintiff came too again he was lying in between the two stair cases on the first floor uncuffed. C.S. Collins, supervisor, K. Anderson and A. Charron, camera man, were all there with Brockley and North.

3.   There is no record as to when the camera was present and turned on or when Charron showed up or what Charron saw when he got there. Charron did not write a report. All that is known is that he showed up on the first floor not the second where the incident began. As North's report indicates, plaintiff was cuffed on the second floor landing and his report did not mention anything about kicking Anderson because Anderson was never nor ever responded to the second floor.

3

4.   K. Anderson is hereby Accused by the plaintiff of using Excessive Force upon plaintiff Contributing to and causing the plaintiffs Multiple Rib Fracture, widespread Contusions and Multiple Lacerations a punctured and collapsed lung and stitches by Repeated Kicking and Stomping the plaintiff with booted Feet in the Chest and head, in Violation of the plaintiffs 8th Amendment to the U.S. Constitution outside the scope of her official duties, And in her individual and personal Capacity

5.   M. Brockley is hereby Accused by the plaintiff of using Excessive and brutal Force upon the plaintiff Causing Multiple Rib Fracture's and punctured lung by Repeatedly Kicking and Stomping with Tremendous Force plaintiffs Chest and head. Causing plaintiff to Recieve widespread Contusions and Multiple Lacerations and stitches in Violation of plaintiffs' 8th Amendment to the U.S. Constitution outside the scope of his official duties. And in his individual Capacity.

4

6.     B. North is hereby accused by the plaintiff of using excessive force upon the plaintiff and causing plaintiffs multiple rib fractures, punctured lung that collapsed, causing and contributing along with M. Beckley, K. Anderson, C.S. Collins and A Curran to the wide spread contusions, multiple lacerations that require 6 stitches and hospitalization, by slamming plaintiffs face and head into the wall, repeatedly punching plaintiff in the face, repeatedly kicking and stomping plaintiff in the chest and head in violation of plaintiffs 8th amendment to the Constitution of the United States. Having done all this outside the scope of his duties. This being done in his individual and personal capacity.

7.     T. Depalo is hereby accused by the plaintiff of Medical Malpractice in that he knowing and willingly with intelligent thought filed false Medical Reports concerning the extent of plaintiffs injuries and condition in order to help shield Anderson, Beckley, North, Collins and Curran from liability, violating plaintiffs Bill of Rights by supply false information deliberately indifferent to the Medical well being of plaintiff.

5

8.    Depalo being Deliberately Indifferent to plaintiff's potential inability to obtain future Medical Assistance stemming from the true Nature of his injuries, precluding the plaintiff Assisting in his own Medical Treatment in Violation of the Bill of Rights and plaintiffs 8th Amendment to the U.S. Constitution, doing so outside the scope of his professional duties. This Also being done in his individual Capacity.


9.    Superintendent Racette; whom was the Superintendent on and after October 22, 2011 is hereby Accused by the plaintiff of deliberate Indifference, Failure to Protect, Supervisory Liability. Racette Knew or should have Known that his Failure to place Mechanical Supervision in the stairwells of A, B, C, D, + E blocks, infringed the Constitutional Rights of the plaintiff to Reasonable Safety. Racette Knew of the Serious Security problems surrounding official Assault on inmates through official Reports, inmate Grievances internal investigations from outside Sources, inmates Complaints and lawsuits in such Amounts and so Many different inmates in a years time that it would be impossible for such large Security Concerns having Escaped his Knowledge.

6

10.    On April 15, 2011 Gary Burkett 10A2339 testified against officers of Comstock after officers severely beat inmates in the property Room. That same year inmate G. Carrion 10A3517 was severely beaten by Comstock officers in Relation to that hearing. In 2010 an outside investigation was conducted into the deaths of eight inmates. Inmate P. DeBlasio in August 2009 sustained a busted head which required 15 stitches. Inmate Scott Porter 93A8913 was physically Assaulted in Comstock and thrown down a flight of stairs in 2007 breaking his collar bone and lost teeth.

11.    Directly Related to staff Assault was the lack of Mechanical Supervision and the lack of the most elementary procedures to minimize the likelyhood of staff Assault up inmates. Superintendent Racette had every obligation to implement those procedures through his authority. Various indices, when considered in combination should make it Readily discernable to any prudent Administrator that staff Assault is occurring so Regularly that extra security measures should be taken to ensure that said conduct by staff discontinues.

7

12.     Racette's Failure to promulgate and adhere to the Most Rudimentary deterrence Procedures after have full and constructive knowledge of staff Assault constitutes deliberate indifference to inmate safty and failure to protect. No process or procedures were utilized by Bezio, Racette, or any other Superintendent ent before them for 10 years, to ensure full and fair Methods for investigations of such staff Assault. Staff were fully shielded from liability by Racette and Bezio and through Administrative Minipulation of All other Executive staff Authoritive positions.

13.     This Created an Atmosphere where Assaultive staff would Continue to be hostile and Assaultive to-wards inmates and Never Run the Risk of detection. This is the exact prison Environment Created by Superintendents Bezio and Racette that Allowed Beaukley North, Anderson, C.S. Collins, A Cumerson to Assault Me For 40 plus minutes without detection. The expression of Violence and hostility by the staff of Great Meadow was so piercing that it instilled fear into Any who would take A stance Against their Violence they would Certainly have Second Thoughts About doing so.

14. As a direct Result of Superintendent's Bezio And Racette's deliberate indifference towards the Safety of inmates and their failure to implement any deterrence procedures to curb and control the behaviors of the Great Meadow staff Assault Against inmates, plaintiff Lance Carter was Assaulted by Great Meadow staff, sustained Serious injury Requiring Eight days hospitalization. Plaintiff was Viciously Assaulted from 5:10 pm to 5:58 pm by 5 Great Meadow Correctional staff. Superintendent Bezio And Racette both Refused to seek Assistance from the outside. They both were willing to turn a blind eye at the Multitude of injured inmate's past and present.

15. They both ignored the Multitude of inmate grievance Complaints and lawsuits And defied the Extreme Need For the placement of Security Cameras All through out the prisons Environment. Both Superintendents ignored Criminal Justice Remedies to which they had Access and All this Neglect served to Nurture a dangerous and Unsafe Environment solely For the inmates.

9

16.     Minimal force and body holds are not going to cause multiple rib fracture, collapsed lung wide spread contusions and multiple lacerations requiring stitches. But it is clear that plaintiff did sustained such injuries. What is not clear is how plaintiff sustained such injuries that indicate the condition of being beaten for a sustained amount of time as a timeframe of from 5:10 PM to 5:58 PM would indicate.

17.     While on the first floor landing plaintiff was still being stomped and kicked by Beckley and North with the assistance of K. Anderson and C.S. Collins and Luncean. According to K. Anderson's report it was there on the first floor that plaintiff was restrained with her help and plaintiff allegedly kicked Anderson in the forearms and subsequently cuffed all awhile C.S. Collins and Luncean was there.

10

18. CHARRON, Collins Nor Anderson was there when North put the handcuffs on while on the second floor landing off of B-3 where the incident according to North's Report, ended with him applying the cuffs to plaintiff. So if according to the Reports All defendants Responded at approximately 5:10 pm then Brockley's and North's Report should have mentioned that there were several officers present.

19. Instead North's Report stated "Another officer assisted." Obviously that officer was occupied with my hands Not Feet and North's Report makes No mention of plaintiff Kicking that officer, so considering these facts it is safe to conclude that the "other officer" was Not K. Anderson. So Anderson was 30 feet away but Never Responded to the second floor? So if plaintiff was Actually cuffed soon After he Allegedly Attacked Brockley, ("upon the entrance to B-3 Company"), As his Report States, how is it that K. Anderson Witnessed the cuffs being Applied to plaintiff?

20. According to Andersons Report it was upon here Arrival "on" B-3 that she Responded but gave no time. "On B-3" indicates she Responded to the second Floor on which she Never Arrived. "B-3 Stairwell would indicate either the First or Second Floor. So without her being Specific there is No way of Anyone Knowing where she Responded. In her Anderson's disciplinary Report she said she Responded Approximately 5:10pm

21. C.S. Collins in his Report stated that he Responded Approximately 5:10 pm. His entire Report indicates that he was Not present during Any of the Assault on me by Anderson, North, Brockley And Charron by stating in that Report to Superintendent Racette, that the Entire incident was "Relayed" to him, giving the impression that he was Not there until plaintiff was Restrained. In other words C.S. Collins was Not there until after I was Assaulted. The incident, According to All Reports, took place at Approximately 5:10 pm. (Latin Ad- + proximus, Nearest). Plaintiff Arrived at the Infirmary at 5:58pm.

So it is Clear that C.S. Collins was there in B-3 Stairwell At Some point Soon After 5:10 pm.

22. C.S. Collins did Not say where specifically he Responded in B-3 stairwell. He Responded Approximately 5:10 PM. The same time plaintiff Allegedly Attacked Beockley upon entering B-3 Company on the second Floor And the same time B. North Responded And Attacked plaintiff From behind And slammed plaintiff's Face into a wall and subsequently cuffed on that second Floor. So plaintiff was Restrained while on the second Floor.

23. K. Anderson, A. Charron Nor did C.S. Collins Respond to the second Floor. No Report stated that At Any time I Moved to the First Floor. So if the incident occurred on the second Floor And plaintiff was Restrained and cuffed on the second Floor by B. North And M. Beockley How was Anderson involved with B. North Restraining the plaintiff when she Never Responded to the second Floor Nor did North's Report state that plaintiff kicked the "other" officer in the Forearms Nor was it Reported that that "other" officer was not preoccupied with Anything other than the plaintiffs hands.

24. C.S. Collins did Not Respond At 5:20pm he did Not Respond to the infirmacy. C.S. At 5:40 pm, C.S. Collins said 5:10pm And he Claims Not to know Anything but what was "Relayed" to him From involved staff About the incident but he Responded at the same time All other Staff Reported that they Responded but to Avoid Any liability C.S. Collins indicates in his Report that he was Not present And therefore had to be Told what went on by other Staff.

25. After the second or third time plaintiff passed out And Came too he was on the First Floor lying between the Adjacent Stairs leading up to 3 & 4 Company in B-block. C.S. Collins was there Along with A. Curreon and K. Anderson, B. North And M. Beckley And All including C.S. Collins were Kicking the plaintiff About the legs, Chest, Genitals and head. Plaintiff does Not Know when C.S. Collins Arrived but like he Reported he was there At Approximately 5:10pm. Plaintiff does Not Know how long he was on the second Floor being beaten Nor does plaintiff Remember ever having Moved to the First Floor

*14*

26.    It is clear that plaintiff recieved multiple Rib Fractures, widespread lacerations and contusions over his face, head and hand, six stitches a punctured and collapsed left lung and 8 days hospitalization. What is also clear is that such injuries didn't come from minimal force or any kind of simple body holds, as reported and since no one knows who caused them and all the defendants deny that any one of them caused plaintiffs injuries as if they magically appeared after the fact, All defendants are and should be held liable of depriving the plaintiff of his constitutional rights while acting under color of state law, beyond the scope of their duties and in their individual personal capacities.

27.    Unless all the defendants, in light of all the lies and contradiction apparent from their reports, can logically account for a full 48 minutes from 5:10 P.M. to 5:58 P.M., can reasonably explain plaintiffs whereabouts in that time and how plaintiff was injured, then none of the defendants have any kind of immunity from this proceeding.

15

28.   Plaintiff has no idea when A. Charron arrived at the scene of the incident Charron did not write a report or even Co-sign his concurrence on a report made by another as directive 4932 affirmatively requires officers to do. Since Charron has failed to follow his own rules and regulations plaintiff should not be obligated to explain away exactly in what capacity Charron was present. Charron was there and when plaintiff came to at that time on the first floor he was being pummeled by many booted feet.

29.   Being on the floor surrounded by five officers and being dazed, confused and disoriented from the first beating by North and Brockley, not being able to tell this court how plaintiff got from the second floor to the first floor should tell this court that plaintiff is not able to say for sure in what capacity Charron played in my assault. Officer Charron should be made to answer to and explain away what part he played only after discovery since he left no trail to track his movements and explain his behavior, should he be dismissed if such action is warranted concerning him.

16

30.   Was plaintiff Restrained and cuffed on the Second Floor As soon thereafter plaintiff Allegedly Attacked Beckley "upon the Entrance to B-3' As Beckley Reported or did plaintiff get Restrained And cuffed on the First Floor in the presence of C.S. Collins, Charron And Anderson soon after plaintiff Kicked Anderson?

31.   Plaintiff got to the infirmary at 5:58 pm And was Admitted for 5 days. Plaintiff was then moved to the outside hospital after it was discovered that plaintiff had Multiple Rib Fractures and A Collapsed left lung, And was Admitted to the outside hospital for 8 days.

32.   All of plaintiffs injuries derived from brutal/Excessive And Substantial force in Violation of the 8th Amendment to the Constitution. Plaintiff experienced Substantial pain before during And after the hospitalization And for 3 Months thereafter experienced little to No Mobility.

17

33. All force used by C.S. Collins, K. Anderson, B. North, M. Brockley, A. Charron was applied maliciously with the sole intent and purpose of harming and disabling plaintiff

34. Upon information and belief, Officer Charron is hereby being accused by the plaintiff of using excessive force upon plaintiff in violation of the plaintiffs 8TH Amendment to the U.S. Constitution

35. Sergeant C.S. Collins is hereby accused of supervisory liability "failure to protect the plaintiff in that plaintiff was attacked in front of Collins but Collins did nothing to stop or prevent it. Making false reports to cover up the fact that he knowingly let injurious harm come to plaintiff and did nothing to prevent it. Insubordination and the use of excessive force upon plaintiff in violation of plaintiff's 14TH and 8TH Amendment to the U.S. Constitution. Doing so in his individual capacity and outside the scope of his duties.

18

36. RACETTE KNEW ABOUT THE hostile, Volitive AND ASSAULTIVE NATURE OF his officers long standing ABUSE AND EXCESSIVE USE OF FORCE IN JUST THE TWO YEARS FROM 2010 TO 2012. IF RACETTE had ACTED ON THE NATURE OF his officer's behavior FROM THE 2010 INVESTIGATION ABOUT THE DEATH OF EIGHT INMATES. THE ATTACK ON INMATE Carrion IN April 2011 THE NUMEROUS OTHER complaints OF ASSAULTS by officers THAT YEAR, plaintiff could have been PROTECTED.

37. PLAINTIFF WAS THERE AND holds No details but THERE WERE AT least 6 OFFICER ASSAULTS ON INMATES between AUGUST 2010 AND AUGUST 2011 AND RACETTE WAS THERE AT least half THAT YEAR, Plaintiff's Assault AND SUBSEQUENT INJURY could have been AVOIDED IF RACETTE did Not STAND by idol and IGNORE THE obvious NEED TO TAKE ACTION THAT Could PROTECT AGAINST INMATE ABUSE.

19

38  RACETTE IS IN VIOLATION OF PLAINTIFFS 14TH DUE PROCESS
    AND EQUAL PROTECTION CLAUSE AND 8TH AMENDMENT
    DELIBERATE INDIFFERENCE STANDARD TO THE U.S.
    CONSTITUTION. FAILING TO FOLLOW HIS OWN RULES AND
    REGULATIONS AND THUS FAILING TO PROTECT PLAINTIFF.
    THIS BEING DONE OUTSIDE THE SCOPE OF HIS DUTIES
    AND IN HIS INDIVIDUAL CAPACITY.


        COMPENSATION IS DEMANDED BY THE PLAINTIFF
    IN THE AMOUNT OF $1,250,000 DOLLARS ENUMERATED
    AS FOLLOWS:

1.    PUNITIVE DAMAGES IN THE AMOUNT OF $20,000
    DOLLARS FROM EACH INDIVIDUAL DEFENDANT IN HIS
    OR HER PERSONAL CAPACITY.

2.  COMPENSATORY DAMAGES JOINTLY PAID TO THE PLAINTIFF
    IN AN EXACT AMOUNT EQUIVALANT TO THE ACTUAL COST
    OF THE ALBANY MEDICAL CENTER HOSPITAL BILL INCURRED
    BY THE NEW YORK TAX PAYERS AS A DIRECT RESULT OF
    THE DEFENDANTS ASSAULT AND USE OF EXCESSIVE FORCE
    AND SUBSEQUENT INJURIES PLAINTIFF SUFFERED ALL INCLU-
    SIVE.

30

3.   Monetary damages paid by J. Depalo in the amount of $100,000 dollars.

4.   Punitive damages paid by J. Depalo in the amount of $30,000 dollars

5.   Punitive damages the equivilent of each of the defendants indemnification. Each officer is indemnified for no less than $10,000 dollars probably more depending on rank, position and duration of employment. If the defendent holds no indemnification then the equivilant of the indemnification he or she did hold at some point shall be paid as a punitive damage.

Lance Carter
95802419

September 9, 2012

NORTHERN DISTRICT NEW YORK
UNITED STATES DISTRICT COURT

LANCE CARTER 98BD244

    -AGAINST-                          ____ ·CV· ____

BROCKLEY, NORTH, ANDERSON, COLLINS
DEPALO, RACETTE, CHARRON AND BIZIO

STATE OF NEW YORK )
COUNTY OF SENECA  ) SS


                    AFFIDAVIT OF SERVICE

   LANCE CARTER being duly SWORN UNDER PEN-
ALTY OF PERJURY DEPOSES AND STATES:

i.      I AM THE PLAINTIFF IN THE ABOVE ENTITLED ACTION
AND I MAKE THIS AFFIDAVIT IN MY BEHALF.

2   I AM OVER THE AGE OF 18 AND RESIDE IN FIVE
POINTS CORRECTIONAL FACILITY STATE ROUTE 96, P.O. BOX
119, ROMULUS N.Y. 14541

3. THAT ON OR AFTER THE NOTARIZED DATE I MAILED AN ORIGINAL AND ON COPY OF THE WITHIN CIVIL COMPLAINT TO:

CLERK OF THE NORTHERN DISTRICT COURT
Alexander Pirnie Federal Bldg. 3rd Fl.
10 Broad Street
Utica New York   13501

ALONG WITH ORIGINAL COPIES OF THE CIVIL COVER SHEET, Application to proceed without Full payment of Fees, INMATE AUTHORIZATION FORM AND 6 MONTHLY STATEMENTS OF FINANCE, AND Application For order directing Service by U.S. MARSHAL.

SWORN TO BEFORE ME
THIS ___ DAY OF NOVEMBER
20 ___

NOTARY PUBLIC
ANTHONY REISH, JR.
Notary Public, State of New York
Ontario Co. Reg. 01RE6216973
Commission Expires 2/1/2014