UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

LANCE CARTER,

                              Plaintiff,

                                                        9:12-CV-1746
        v.                                              (GLS/RFT)

BEZIO, et al.,

                              Defendants.

─────────────────────────────────────

APPEARANCES:                          OF COUNSEL:

LANCE CARTER
98-B-0249
Plaintiff, pro se
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

HON. ERIC T. SCHNEIDERMAN            MELISSA A. LATINO, ESQ.
New York State Attorney General      Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

        Currently before the Court, in this pro se civil rights action filed by plaintiff Lance

Carter, is plaintiff's request to voluntary dismiss J. Depalo from this action.  Dkt. No. 88.  For

the reasons set forth below, J. Depalo is dismissed from this action without prejudice.

## II.    RELEVANT BACKGROUND

        Plaintiff Lance Carter commenced this pro se civil rights action asserting claims

pursuant to 42 U.S.C. § 1983 arising out of his confinement at Great Meadow Correctional

Facility.  Dkt. No. 1 ("Compl.").  Liberally construed, plaintiff alleged that he was subjected to excessive force and denied adequate medical care in deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.  *See generally* Compl.  By Decision and Order filed February 12, 2013, United States Magistrate Judge Randolph F. Treece granted plaintiff's application for in forma pauperis status, and the U.S. Marshal was directed to effect service of process on the defendants.  Dkt. No. 13 (the "February Order").  An answer to the complaint was filed on April 23, 2013.  Dkt. No. 28.  On that same day, Magistrate Judge Treece issued a Mandatory Pretrial Discovery and Scheduling Order.  Dkt. No. 29.  On December 27, 2013, defendants took plaintiff's deposition.  *See* Dkt. Nos. 102-5 and 102-7.  During the course of the deposition, plaintiff and defense counsel entered a stipulation on the record indicating that plaintiff wished to voluntarily dismiss J. Depalo as a defendant.  Dkt. No. 102-5 at 45-48.  Among other things, plaintiff stated that he wished to dismiss J. Depalo as a defendant because, after reading the medical report, he determined that her report of his injuries "was accurate" because "she couldn't see [plaintiff's] internal injuries, so therefore she couldn't report them."[1]  *Id*. at 46.  On January 6, 2014, plaintiff filed a motion requesting to voluntarily dismiss J. Depalo as a defendant.  Dkt. No. 88.  Plaintiff does not state whether he wishes the dismissal to be with or without prejudice.  *Id*.  In response, defense counsel states that defendant J. Depalo does not oppose plaintiff's request to voluntarily dismiss her and "consents to the dismissal of her from the complaint with prejudice."  Dkt. No. 91.

---

[1]  In his complaint, plaintiff alleged that defendant Depalo intentionally falsified plaintiff's medical records by "minimizing" the extent of his injuries suffered as a result of an alleged assault, and that Depalo's actions amounted to deliberate indifference to plaintiff's serious medical needs.  Compl. at 14-15.

2

On March 14, 2014, defendants filed a motion for summary judgment.  Dkt. No. 102.

Plaintiff has not responded to the motion for summary judgment; however the time to do so

has been stayed pending resolution of plaintiff's motion to compel (Dkt. No. 99) that was filed

on March 3, 2014.[2]  *See* Dkt. No. 106 (Text Order dated March 18, 2014).

## III.    DISCUSSION

Rule 41(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides that

after an answer or motion for summary judgment has been filed, an action shall not be

dismissed at the plaintiff's request except where all parties have signed a stipulation of

dismissal, or upon order of the court.  Fed. R. Civ. P. 41(a)(1)(B); 41(a)(2).  The Rule further

provides that unless the stipulation or order states otherwise, the dismissal is without

prejudice.  *Id*.; *see also Banco Central de Paraguay v. Paraguay Humanitarian Found., Inc.*,

No. 01 Civ. 9649*, 2006 WL 3456521, at *6 (S.D.N.Y. Nov. 30, 2006) ("Although voluntary

dismissal without prejudice is not a matter of right, the presumption in this circuit is that a

court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants

will suffer substantial prejudice as a result." (citations omitted)).  The decision whether to

grant a Rule 41(a) motion for voluntary dismissal lies within the sound discretion of the court,

*Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001), and is to be ordered "on terms that the

court considers proper."  Fed. R. Civ. P. 41(a)(2).

In light of the defendant Depalo's consent, with the qualification that defendant Depalo

be dismissed from this action with prejudice, this Court must consider whether Depalo's

dismissal **without prejudice** would be improper.  In this regard, the Second Circuit has

---

[2]  Although Magistrate Judge Treece issued an Order granting in part and denying in part plaintiff's
motion to compel, *see* Dkt. No. 119 ("June 20, 2014 Order"), plaintiff's appeal (Dkt. No. 122) of the June 20,
2014 Order is presently pending review of this Court.

3

explained that:

> Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper. One line indicates that such a dismissal would be improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849 (1947); *see Jones v. SEC*, 298 U.S. 1, 19, 56 S.Ct. 654, 80 L.Ed. 1015 (1936). Another line indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors, including (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.

*Camilli v. Grimes,* 436 F.3d 120, 123 (2d Cir. 2006) (citing *D'Alto v. Dahon California, Inc.,* 100 F.3d 281, 283 (2d Cir. 1996); *Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir. 1990)).

There is no suggestion in this case that defendant Depalo would suffer "plain legal prejudice" if she was dismissed from this action without prejudice. As the Second Circuit has stated, "[w]hen the Supreme Court identified 'plain legal prejudice' to a defendant as a circumstance that would defeat dismissal of a plaintiff's suit without prejudice, . . . , the Court was concerned about the plight of a defendant who is ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have dismissed." *Camilli*, 436 F.3d at 124. As noted, the mere prospect of a second lawsuit is not enough to demonstrate legal prejudice. *See Tierney v. Constellation Energy Group, Inc.*, No. 5:06-CV-220 (NAM/GHL), 2007 WL 4246301, at *2 (N.D.N.Y. Nov. 28, 2007). Thus, this inquiry reveals that it would not be improper to dismiss Depalo without prejudice.

Consideration of the first two *Zagano* factors also leads this Court to conclude that it would not be improper to grant the requested dismissal of Depalo without prejudice.

4

Defendants do not claim that plaintiff delayed unduly in making his request or that plaintiff has engaged in vexatious conduct or in any way abused the litigation process.[3]

The third *Zagano* factor requires consideration of the extent to which the suit has progressed, including the defendants' efforts and expense in preparation for trial. Generally, "[w]here discovery has been limited, . . . , courts will dismiss cases and/or claims without prejudice." *Omega Inst., Inc. v. Universal Sales Sys., Inc.*, No. 08-CV-6473, 2010 WL 475287, at *5 (W.D.N.Y. Feb. 5, 2010). Here, while the parties have provided mandatory disclosures in accordance with the Mandatory Pretrial Discovery and Scheduling Order, and plaintiff was deposed, defendants do not claim that significant resources have been expended in defense of plaintiff's claim against defendant Depalo. Indeed, defendants make no attempt whatsoever to explain why a dismissal with prejudice is warranted. Based upon the foregoing, the Court finds that consideration of the third *Zagano* factor does not make dismissal of Depalo without prejudice improper.

The final factor to be considered is the adequacy of plaintiff's explanation of his request to dismiss. Plaintiff explained during his deposition that he wishes to dismiss Depalo from this action because he now realizes that her entries in his medical record were "accurate" at the time that she examined him and "[s]he was only doing her job." *See* Dkt. No. 102-5 at 45-48. This explanation is adequate, and indeed reasonable. Thus, this final

---

[3] Vexatiousness is usually used to describe situations where "the case was brought to harass the defendant," *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 356 (E.D.N.Y. 2002), or the plaintiff otherwise illustrates an "ill-motive," such as "where plaintiffs have assured the court and the defendants that they intended to pursue their claims prior to seeking dismissal," *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 5 Civ. 3939, 2008 WL 4127549, at *6 (S.D.N.Y. Sept. 2, 2008); *see also S.E.C. v. Compania Internacional Financiera S.A.*, No. 11 Civ. 4904, 2012 WL 1856491, at *5 (S.D.N.Y. May 22, 2012) ("Courts define 'undue vexatiousness' to mean 'that the plaintiff acted with ill-motive in bringing or maintaining its claims.'") (citations and some internal quotations omitted).

*Zagano* factor suggests that dismissal without prejudice would not be improper.

Upon due consideration, the record before this Court does not provide any basis for finding plaintiff's stated intention to discontinue this litigation against defendant Depalo unreasonable, nor does it appear likely that undue advantage with respect to the merits of the underlying claim against Depalo will accrue to plaintiff if the requested dismissal is granted without prejudice. Moreover, defendant Depalo offers no basis for a dismissal with prejudice, other than her conclusory statement that she consents to the dismissal request "with prejudice;" and defendant Depalo provides nothing to suggest that any of the factors to be considered would tip in favor of dismissal with prejudice.

In sum, review of the foregoing factors does not clearly indicate to this Court that dismissal without prejudice is improper in this case. Accordingly, this Court, in the exercise of its sound discretion, grants plaintiff's request and dismisses J. Depalo from this action without prejudice.

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's request to dismiss J. Depalo from this action (Dkt. No. 88) is **GRANTED** and J. Depalo is hereby **DISMISSED without prejudice** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:    July 22, 2014
            Albany, New York

                                        Gary L. Sharpe
                                        Chief Judge
                                        U.S. District Court

6