**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LANCE CARTER,

                              Plaintiff,

      - v -                          Civ. No. 9:12-CV-1746
                                        (GLS/RFT)

BEZIO, *Ex-Superintendent, Great Meadow Correctional Facility*; M. BROCKLEY, *Corrections Officer, Great Meadow Correctional Facility*; RACETTE, *Superintendent, Great Meadow Correctional Facility*; K. ANDERSON, *Corrections Officer, Great Meadow Correctional Facility;* B. NORTH, *Corrections Officer, Great Meadow Correctional Facility*; A. CHARRON, *Corrections Officer, Great Meadow Correctional Facility*; C.S. COLLINS, *Corrections Sergeant, Great Meadow Correctional Facility,*

                              Defendants.

**APPEARANCES:**                        **OF COUNSEL:**

LANCE CARTER
Plaintiff, *Pro Se*
98-B-0249
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

HON. ERIC T. SCHNEIDERMAN         MELISSA A. LATINO, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Lance Carter, while incarcerated at Five Points Correctional Facility, commenced this civil rights action, pursuant to § 1983, alleging that 1) on October 22, 2011, several correctional officers assaulted him in a stairwell at Great Meadow Correctional Facility; 2) Defendant Depalo was deliberately indifferent to his medical needs by minimizing the extent of his injuries in a medical report; and 3) the former and current superintendents, Bezio and Racette, respectively of Great Meadow Correctional Facility, violated the Eighth Amendment by failing to install security cameras in the Facility's stairwells and other blind spots, when they knew of the correctional officers' pervasive and routine assaults on inmates. *See generally* Dkt. No. 1, Compl. On March 14, 2014, Defendants filed a Motion for Summary Judgment requesting that Defendants Depalo,[1] Bezio, and Racette be dismissed with prejudice. Dkt. No. 102, Defs.' Mot. Summ. J. On September 8, 2014, Plaintiff filed a Cross-Motion for Summary Judgment, in which he urges the Court to deny Defendants' Motion for Summary Judgment based on the presence of genuine issues of material facts in this action. Dkt. No. 132-2, Pl.'s Aff. and Mem. of Law, at ¶ 21. Based on the Plaintiff's argument, it appears that Plaintiff's Cross-Motion is more

---

[1] On July 22, 2014, the Honorable Gary L. Sharpe, Chief United States District Judge, granted Plaintiff's request to dismiss Depalo without prejudice from this action; thus, rendering the present issue of whether Depalo should be dismissed moot. Dkt. No. 123, Dec. & Order, dated July 22, 2014.

properly categorized as a response in opposition to Defendants' Motion for Summary Judgment and the Court will treat it as such.

## I. DISCUSSION

### A. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see*

*also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *accord Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991). Summary judgment is appropriate "[w]here the record taken as a whole could not lead

a rational trier of fact to find for the non-moving party.

## B. Supervisory Liability

Plaintiff has failed to demonstrate Bezio's and Racette's personal involvement. The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Moreover, "the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement." *Kinch v. Artuz*, 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (citing *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) & *Wright v. Smith*, 21 F.3d at 501) (further citations omitted). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). An individual cannot be held liable for damages under § 1983 merely because he holds a position of authority, but he can be held liable if he was personally involved in the alleged deprivation. *Colon v. Coughlin*, 58 F.3d at 873 (citations omitted).

The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under

which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d at 873 (citations omitted).[2]

Here, Defendant Bezio was employed by the New York State Department of Corrections and Community Supervision ("DOCCS") as the Superintendent of Great Meadow Correctional Facility from April 2010 to June 2011. Dkt. No. 102-3, Norman Bezio Decl., dated Mar. 12, 2014, at ¶ 2. In June 2011, he retired from this position, and is no longer an employee of DOCCS. *Id.* at ¶ 5. Thus, the Court recommends **dismissing** Bezio from this action as he was neither present nor responsible for the supervision or administration of the Facility on October 22, 2011 — the date of the alleged assault.

With respect to Defendant Racette, Plaintiff contends that he was deliberately

---

[2] The Second Circuit has yet to address the impact of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) upon the categories of supervisory liability under *Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995). *See Grullon v. City of NewHaven*, 720 F.3d 133 (2d Cir. 2013) (noting that the Court's decision in *Iqbal* "may have heightened the requirements for showing a supervisor's personal involvement," but declining to resolve the issue). Lower courts have struggled with this issue, specifically whether *Iqbal* effectively calls into question certain prongs of the *Colon* five-part test for supervisory liability. *See, e.g., Sash v. United States*, 674 F. Supp. 2d 531, 543 (S.D.N.Y. 2009). While some courts have taken the position that only the first and third of the five *Colon* categories remain viable and can support a finding of supervisory liability, *see, e.g., Bellamy v. Mount Vernon Hosp.*, 2009 WL1835939, at *6 (S.D.N.Y. June 26, 2009), *aff'd*, 387 F. App'x 55 (2d Cir. 2010), others disagree and conclude that whether any of the five categories apply in any particular cases depends upon the particular violations alleged and the supervisor's participatory role, *see, e.g., D'Olimpio v. Crisafi*, 718 F. Supp. 2d 340, 347 (S.D.N.Y. 2010). Nevertheless, this Court, until instructed to the contrary, continues to apply the entirety of the five factor *Colon* test.

indifferent to the safety of the inmate population by failing to install security cameras in the stairwells and/or blind spots, when Racette knew or should have known of the pervasive pattern of correctional officers assaulting inmates. Compl. at ¶¶ 9 & 15. In this regard, it appears that Plaintiff seeks to hold Defendant Racette liable for failing to provide a safe environment for inmates in violation of the Eighth Amendment.

"The Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment, tasks prison officials with taking reasonable measures to guaranty the safety of inmates [.]" *Murray v. Goord*, 668 F. Supp. 2d 344, 357 (N.D.N.Y. 2009) (citing, *inter alia*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). While prisons may be "restrictive and even harsh," the Supreme Court has noted that "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer v. Brennan*, 511 U.S. at 832–34 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "A prison official's deliberate indifference to the substantial risk of serious harm to an inmate is a violation of the Eighth Amendment." *Id.* at 828 (internal quotation marks and citations omitted). In order to make such a claim, an inmate must show that 1) he suffered a "sufficiently serious" deprivation and 2) defendant had a "sufficiently culpable state of mind." *Id.* at 834. The first prong determines whether, objectively,

there was a substantial risk of serious harm to the inmate. *Id.* at 836; *Murray v. Goord*, 668 F. Supp. 2d at 357–58. The second requirement is a subjective deliberate indifference test, which follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. at 834 (citation omitted). "To demonstrate that defendants were deliberately indifferent to his plight, a plaintiff must show that prison officials actually knew of, but disregarded, an excessive risk to his health and safety — 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Murray v. Goord*, 668 F. Supp. 2d at 358 (quoting *Farmer v. Brennan*, 511 U.S. at 837, and citing *Matthews v. Armitage*, 36 F. Supp. 2d 121, 124–25 (N.D.N.Y. 1999)).

Here, Defendants argue that Plaintiff fails to demonstrate an objective substantial risk of serious harm. Defs.' Mem. of Law at p. 8. The Court agrees. Plaintiff relies wholly on conclusory statements and pure speculation in an attempt to demonstrate that the entire inmate population was exposed to a substantial risk of harm from correctional officers. In his Complaint, Plaintiff points to a few incidents where he claims correctional officers assaulted inmates. The incidents are not similar to each other, and it is unclear whether any of the alleged assaults took place in the Facility's stairwell(s) or other purported blind spots. Likewise, in his Cross-Motion

for Summary Judgment, which the Court is treating as a Response in Opposition, Plaintiff fails to submit any direct or circumstantial evidence suggesting that correctional officers routinely assault inmates housed at Great Meadow Correctional Facility. As a result, Plaintiff falls exceedingly short of his burden to prove a "longstanding, pervasive, well-documented" history of inmate attacks by correctional officers. And furthermore, with regard to the subjective prong, Plaintiff fails to produce any evidence suggesting that Defendant Racette had any knowledge of such history.[3] As a consequence, Plaintiff has failed to demonstrate Racette's personal involvement in any wrongdoing. For the aforementioned reasons, the Court recommends **granting** Defendants' Motion for Summary Judgment in its entirety, and **denying** Plaintiff's Cross-Motion for Summary Judgment in its entirety.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 102) be **GRANTED in its entirety**, and Plaintiff's Cross-Motion for Summary

---

[3] In his Cross-Motion for Summary Judgment, Plaintiff alleges that the Court denied production of the use-of-force reports that would have demonstrated that the "superintendents are absolutely involved." Dkt. No. 132-2, Pl.'s Aff. and Mem. of Law, at ¶¶ 12-13. The Court has not denied the production of such reports nor has Plaintiff submitted a request for production of the use-of-force reports to this Court. Plaintiff requested tapes and transcripts of a disciplinary hearing relating to an inmate who claims to have been assaulted by correctional officers; that request has been reserved until an attorney is appointed to assist Plaintiff. Dkt. No. 52, Disc. Order, dated Sept. 24, 2013. Plaintiff also requested photographs or diagrams of the Facility's first floor; for security reasons, that request has also been reserved until an attorney is appointed to assist Plaintiff. *Id.* In addition, the Court conducted an *in camera* review of all the Defendants' personnel files. However, the Court did not review Bezio's and Racette's personnel files. Upon concluding the *in camera* review, the Court found one document that may be admissible only for impeachment. Dkt. No. 59, Disc. Order, dated Nov. 04, 2013.

Judgment (Dkt. No. 132) be **DENIED in its entirety**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 27, 2015
    Albany, New York

Randolph F. Treece
U.S. Magistrate Judge