```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
LANCE CARTER,

                    Plaintiff,              9:12-cv-1746
                                              (GLS/RFT)
          v.

BEZIO et al.,

                    Defendants.
_____
APPEARANCES:                                OF COUNSEL:

FOR THE PLAINTIFF:
Lance Carter
Pro Se
98-B-0249
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

FOR THE DEFENDANTS:
HON. ERIC T. SCHNEIDERMAN      MELISSA A. LATINO
New York State Attorney General  Assistant Attorney General
The Capitol
Albany, NY 12224

Gary L. Sharpe
Chief Judge
```

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Lance Carter commenced this action against

defendants Bezio, C.O. M. Brockley, Racette, K. Anderson, C.S. Collins, B. North, J. Depalo, and A. Charron, pursuant to 42 U.S.C. § 1983, alleging excessive force and deliberate indifference to medical needs, in violation of the Eighth Amendment.  (*See generally* Compl., Dkt. No. 1.)

On March 14, 2014, Depalo, Bezio, and Racette moved for summary judgment, seeking dismissal of Carter's claims against them.[1]  (Dkt. No. 102.)  In response, Carter filed a cross motion for summary judgment, arguing that genuine disputes of material fact prevent the entry of summary judgment in defendants' favor.[2]  (Dkt. No. 132.)  In a Report-Recommendation and Order (R&R) issued on February 27, 2015, Magistrate Judge Randolph F. Treece recommended that defendants' motion for summary judgment be granted in its entirety, and Carter's claims against Bezio and Racette be dismissed.[3]  (Dkt. No. 149.)  Pending are Carter's objections to the R&R.  (Dkt. No. 150.)  For the reasons that

---

[1] Although a motion for summary judgment was initially filed on behalf of all defendants, (Dkt. No. 93), that motion was subsequently withdrawn, (Dkt. Nos. 94, 96), and, after an extension to the dispositive motion deadline, a new motion for summary judgment was filed on behalf of Bezio, Racette, and Depalo only, (Dkt. No. 102).

[2] In his Report-Recommendation and Order, Magistrate Judge Randolph F. Treece noted that, based on the substance of Carter's cross motion, it "is more properly categorized as a response in opposition to [d]efendants' [m]otion for [s]ummary [j]udgment," and thus "treat[ed] it as such."  (Dkt. No. 149 at 2-3.)

[3] On July 22, 2014, this court granted Carter's request to voluntarily dismiss Depalo from this action without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).  (Dkt. No. 123.)

follow, the R&R is adopted in its entirety.

## II. **Background**

Carter is an inmate currently in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), and, during the time period relevant to his claims, was housed at Great Meadow Correctional Facility. (*See generally* Compl.) As alleged by Carter in his complaint, on October 22, 2011, while he was being escorted by Brockley to the infirmary, Brockley and North physically assaulted him in a stairwell. (*Id.* at 11-12.) Carter claims that he then lost consciousness, and when he awoke, he was still in the stairwell, where Collins, Anderson, and Charron had joined Brockley and North. (*Id.* at 12.) As a result of this incident, Carter alleges that he sustained "multiple lacerations that required . . . stitches and hospitalization," as well as a collapsed lung and several broken ribs. (*Id.* at 14.) He further alleges that Bezio and Racette were deliberately indifferent to his safety because they knew of "serious security problems surrounding official assault on inmates" but failed to take steps to prevent such assaults. (*Id.* at 15-18.)

## III. **Standard of Review**

Before entering final judgment, this court reviews report and

recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

In his R&R, Judge Treece recommended that defendants' motion for summary judgment be granted and Carter's claims against Bezio and Racette be dismissed. (Dkt. No. 149.) As to Bezio, Judge Treece noted that he was employed at Great Meadow only from April 2010 to June 2011, at which time he retired and ceased his employment with DOCCS. (*Id.* at 6.) Therefore, Carter could not demonstrate that Bezio had any personal involvement in the alleged constitutional violations because Bezio "was neither present nor responsible for the supervision or administration of the

4

Facility on October 22, 2011—the date of the alleged assault" on Carter. (*Id.*) As to Racette, Judge Treece also recommended dismissal for failure to demonstrate personal involvement, and because Carter failed to demonstrate—with anything more than "conclusory statements and pure speculation"—any facts supporting a deliberate indifference claim. (*Id.* at 6-9.) Specifically, Judge Treece noted Carter's lack of "any direct or circumstantial evidence suggesting that correctional officers routinely assault inmates housed at Great Meadow Correctional Facility," or that "Racette had any knowledge of such history." (*Id.* at 8-9.)

In his objections, Carter has not identified errors with any specific portion of the R&R. (*See generally* Dkt. No. 150.) Instead, he continues to rely on the mere allegations in his complaint as support for a showing that Bezio and Racette were personally involved in the alleged constitutional violations. (*Id.* at 8.) Carter once again attempts to argue that he has been improperly denied all discovery in this case, and that the evidence that would support his allegations has been erroneously "withheld and denied" to him. (*Id.* at 1-5.) This contention is one that Carter has raised not only in his objections to the R&R, but also in his cross motion/opposition to defendants' motion for summary judgment, (Dkt. No. 132, Attach. 2 at 3-4,

6), as well as numerous discovery motions—and appeals of Judge Treece's rulings on those motions—which have already been addressed by the court, (Dkt. Nos. 52, 59, 61, 71, 72, 99, 101, 119, 122). These "objections" are not sufficient to trigger de novo review of Judge Treece's recommendations that Bezio and Racette be dismissed from this action. Accordingly, consistent with the standards set forth in *Almonte*, 2006 WL 149049, at *3-5, the court has carefully reviewed the record, found no clear error in the R&R, and adopts it in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Randolph F. Treece's February 27, 2015 Report-Recommendation and Order (Dkt. No. 149) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 102) is **GRANTED**; and it is further

**ORDERED** that Carter's claims against Bezio and Racette are **DISMISSED** and that they be terminated as parties to this action; and it is further

**ORDERED** that Carter's cross motion for summary judgment (Dkt.

No. 132) is **DENIED**; and it is further

**ORDERED** that this case is trial ready and the Clerk shall issue a trial scheduling order in due course; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 26, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court